1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11

**United States District Court**
For the Northern District of California

SUZANNE HIGSON, by and through her
Guardian Ad Litem, JOHN W. HIGSON, JR.,

No. C 06-04618 CRB

12

**ORDER**

13

Plaintiff,

14

v.

15

GENERAL ELECTRIC CAPITAL
ASSURANCE CO, et al.,

16

Defendants.

17

_____/

18

Now pending before the Court is Plaintiff Suzanne Higson's motion to remand.  For

19

the reasons set forth below, her motion is GRANTED.

20

**BACKGROUND**

21

Plaintiff, an elderly woman currently suffering from "physical and cognitive

22

infirmities," alleges that she was covered between September 2002 and October 2003 under a

23

long term care insurance policy issued by Defendant General Electric Assurance Company

24

("Genworth").  Compl. ¶¶ 5, 7, 12.  She claims that Genworth "willfully and knowingly

25

tricked and duped [her] and her husband into signing an authorization to cancel said policy,

26

knowing that neither [she] nor her husband had the capacity to understand that no premiums

27

were due and that they would forfeit substantial rights to premium-free continued long term

28

care coverage under said policy."  Id. ¶ 12.  She further claims that the insurance company's

agent, Defendant Rose Marie Clayton ("Clayton"), "undertook to act as a financial advisor

for plaintiff's long term health needs." Id. ¶ 16.  Plaintiff asserts a cause of action against

Clayton on the theory that, as a result of this undertaking, Clayton assumed "a duty to warn,

advise, counsel, or inform plaintiff and/or her care giver or guardian, that [Plaintiff] was

entitled to ongoing and future benefits under said policy without having to pay the premium."

Id. ¶ 17.  Plaintiff's claim against Clayton stems from the alleged breach of that duty.  Id. ¶

17.

Plaintiff, a California citizen, originally filed her suit in state court.  Genworth, a

citizen of Delaware and Virginia, see 28 U.S.C. § 1332(c)(1), removed the action to federal

court on the basis of diversity jurisdiction, see 28 U.S.C. § 1446.  Plaintiff filed a motion to

remand.  The disputed question is whether Clayton, who is also a California citizen, has been

fraudulently joined.  If so, she must be dismissed, and the Court then would retain

jurisdiction, since the remaining parties (Plaintiff and Genworth) would be diverse.  If not,

Clayton must remain in the suit, and the Court would have to dismiss due to the lack of

complete diversity between Plaintiff and Clayton, who are both California citizens.

## DISCUSSION

"The burden of establishing federal jurisdiction is on the party seeking removal, and

the removal statute is strictly construed against removal jurisdiction."  Nishimoto v.

Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir.1990).  Thus, Genworth

"bears the burden of proving that the joinder of [Clayton] was fraudulent."  Cabalceta v. Std.

Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).  Joinder of a defendant is fraudulent if "the

plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious

according to the settled rules of the state."  McCabe v. General Foods Corp., 811 F.2d 1336,

1339 (9th Cir. 1987).  See also 14 Charles Alan Wright et al., Federal Practice and Procedure

§ 3461, at 175 (3d ed. 1998) ("[T]he removing party has the burden of showing the district

court that the joinder of the diversity destroying party was made without a reasonable basis

of establishing any liability against that party and was undertaken solely to defeat the federal

court's removal jurisdiction.").

*United States District Court*
For the Northern District of California

2

Here, the question is whether Plaintiff is obviously without a viable claim against Clayton, the insurance agent.  Under California law, "[l]iability to the applicant or insured for acts or contracts of an insurance agent within the scope of [her] agency, with a full disclosure of the principal, rests on the company."  Lippert v. Bailey, 241 Cal.App.2d 376, 382-83 (1966) (quoting 44 C.J.S. Insurance § 165).  In other words, the insurer, and not the insurance agent, is liable for the acts of the agent so long as the agent is acting within the scope of her agency for the company.  The exception to this rule, however, is that an insurance agent does incur independent liability under California law if she acts as a "dual agent," or if she acts "for own personal advantage."  Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003).

That is precisely what Plaintiff alleges here: that Clayton, though an agent for Genworth, undertook an independent responsibility to Plaintiff in rendering financial and other advice.  And Plaintiff's attorney, who thus far has labored without the benefit of his client's files or the meaningful assistance of his client, who remains physically and mentally incapacitated, has provided credible evidence to suppor that theory.  For example, the record contains correspondence in which Plaintiff sought financial advice from Clayton.  Moreover, Plaintiff has presented evidence suggesting that Clayton assisted in deciding which claims to pursue with Genworth and preparing those claims.  While Plaintiff's theory may ultimately prove incorrect, it cannot be said that the theory is obviously without merit.  In other words, it is not plain under California law that Clayton's relationship with Plaintiff does not rise to the level of dual agency, whereby Clayton assumed "special duties for the benefit of the insured" and Plaintiff reasonably came to rely on her advice.  See Mercado, 340 F.3d at 826 n.1.

It is also argued that, even if Clayton established herself as a dual agent, she breached no duty by failing to intervene in Plaintff's decision to cancel the policy.  Again, this argument against Clayton's liability may well be correct.  See, e.g., Jones v. Grewe, 189 Cal.App.3d 950, 954-55 (1987) ("Ordinarily, an insurance agent assumes only those duties normally found in any agency relationship. This includes the obligation to use reasonable

**United States District Court**
For the Northern District of California

1   care, diligence, and judgment in procuring the insurance requested by an insured. . . . The

2   mere existence of such a relationship imposes no duty on the agent to advise the insured on

3   specific insurance matters." (citation omitted)).

4   California law, however, has not been steadfast in shielding insurance agents from

5   liability.  As the California Court of Appeal has summarized, the cases instead reflect the

6   more general principle that "the extent of an insurance agent's duty depends on the nature of

7   the interaction between the agent and the insured and the representations the agent made

8   regarding coverage when discussing the policy."  Paper Savers, Inc. v. Nacsa, 51

9   Cal.App.4th 1090, 1104 (1996).  Indeed, recent cases suggest an expanding array of

10  obligations owed by insurance agents to the individuals with whom they conduct business.

11  See, e.g., Westrick v. State Farm Ins. Co., 137 Cal. App. 3d 385 (1982) (holding that an

12  insurance agent may be liable for his negligent failure to accurately apprise an insured of his

13  policy terms upon request); Coe v. Farmers New World Life Ins. Co., 209 Cal.App.3d 600

14  (1989) (holding that an insurance agent "had an obligation to render careful advice when

15  faced with his client's request for cancellation" and might be held liable for failing "to advise

16  him that the cancellation method selected was one which would gratuitously waive the

17  one-month grace period").

18  Because Plaintiff's theory of liability against Clayton is not obviously without merit

19  under California law, the Court holds that this lawsuit does not present a case of fraudulent

20  joinder.  McCabe, 811 F.2d at 1339.  Accordingly, Plaintiff's motion for remand is

21  GRANTED.  The motions submitted by the defendants to dismiss or, in the alternative, for

22  summary judgment, are DISMISSED for lack of jurisdiction.

23  **IT IS SO ORDERED.**

24

25

26  _____

27  Dated:  November 3, 2006                    CHARLES  R. BREYER

28                                              UNITED STATES DISTRICT JUDGE